UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUNELLE SIEGEL, as Personal Representative of the Estate of HAROLD KENNETH EDGERTON a/k/a HK EDGERTON,

Plaintiff,

v. Case No. 8:25-cv-3278-AEP

HILLSBOROUGH COUNTY,

Defendant.
_________________________________/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss the Amended Complaint (Doc. 35) and Plaintiff's Response in Opposition (Doc. 37). By the Motion, Defendant seeks to dismiss Plaintiff's Amended Complaint because it fails to allege the existence of a specific custom or policy from Hillsborough County which was the "moving force" for a violation of Plaintiff's rights. For the reasons set forth below, Defendant's Motion to Dismiss is DENIED.

## I. Background

Plaintiff and HK Edgerton attended Defendant's 61st Annual Veterans Day Tribute at the Hillsborough County Veterans Memorial Park (Doc. 32, ¶¶ 7–8, 10). Edgerton wore a Confederate soldier's uniform to the event (Doc. 32, ¶ 9). Shortly after the official ceremony began, a group of security officers approached Edgerton and asked him to leave (Doc. 32, ¶ 17). The security officers explained

that County leadership directed that Edgerton must be removed because he was dressed in "that flag" (Doc. 32, ¶¶ 17–18). Upon these facts, Plaintiff, as personal representative of Edgerton's estate,[1] sued the County Defendant under 42 U.S.C. § 1983 for violating Edgerton's First Amendment rights.

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (citation omitted). The court need not, however, "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for their entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

[1] Edgerton initially filed this case on November 30, 2025 (Doc. 1). Edgerton passed away on January 18, 2026 (Doc. 24). Plaintiff was appointed Personal Representative of Edgerton's estate and filed a Motion to Substitute Party (Doc. 24), which this Court granted (Doc. 25).

(2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

## III. Discussion

For § 1983 liability to attach to a municipality, "a plaintiff must show (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). In addition, a plaintiff "must identify those officials who speak with final policymaking authority for that local governmental entity concerning the act alleged to have caused the particular constitutional violation in issue." *Grech v. Clayton County*, 353 F.3d 1326, 1329 (11th Cir. 2003). The "touchstone of [a] § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of civil rights protected by the Constitution." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). At the motion to dismiss stage, a complaint need only state enough facts to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Plaintiff did so here. Plaintiff alleged that Defendant held its 61st Annual Veterans Day Tribute at the Hillsborough County Veterans Memorial Park and invited members of the public and "veterans of all wars" (Doc. 32, ¶¶ 7–8, 10). Plaintiff further alleged that Edgerton attended the public event and dressed in historical attire, which displayed the Confederate flag (Doc. 32, ¶ 9). According to Plaintiff, security officers removed Edgerton from the event because of the flag on

his attire (Doc. 32, ¶¶ 17–18). The officers allegedly removed Edgerton at the direction of County leadership (Doc. 32, ¶¶ 18, 25). Based on these factual allegations, Plaintiff claimed that Defendant's "personnel acted pursuant to County policy, custom, or direction to exclude Confederate symbols from County ceremonies and/or to suppress expression" (Doc. 32, ¶ 26). This is sufficient to state a facially plausible municipal liability claim because these allegations permit "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Defendant counters that Plaintiff's conclusory allegation that "pursuant to its policies, customs or final policymaker directives or ratification, the County violated the First Amendment," is insufficient to meet the requirement that Plaintiff "specify any actual official custom or policy" or "identify any final policymaker" which was "the moving force" behind a denial of Edgerton's First Amendment rights. *See Puig v. Miami-Dade Cnty.*, 2010 WL 1631896, at *1 (S.D. Fla. Jan. 13, 2010). Defendant cites to the Southern District of Florida order to support dismissing the Amended Complaint on these grounds. However, Plaintiff's response is correct that the Eleventh Circuit's opinion in *Hoefling v. City of Miami*, 811 F.3d 1271, 1280 (11th Cir. 2016), control's this Court's decision. In *Hoefling*, the Eleventh Circuit held that "identifying and proving that a final policymaker acted on behalf of a municipality is an evidentiary standard, and not a pleading requirement" and reversed the dismissal of a municipality claim based on the plaintiff's failure to plead the identity of the final policymaker *Id.* (internal quotation marks omitted). Thus, Plaintiff need

not name the final policymaker in the Amended Complaint, and Defendant's argued grounds for dismissal are unavailing.

Accordingly, it is hereby

ORDERED:

1. Defendant's Motion to Dismiss the Amended Complaint (Doc. 35) is DENIED.

2. Defendant must answer the Amended Complaint by September 4, 2026.

DONE AND ORDERED in Tampa, Florida, on this 21st day of August 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record